**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.group
File No. 125952

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNK MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MY MODERN METROPOLIS, LLC, <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Lynk Media, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant My Modern Metropolis, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright Infringements under the Copyright Act, 17 U.S.C §501.

2. Plaintiff owns the rights and licenses for various videos which are used in online and print publications.

3. Defendant is an art media company which owns and operates a website at domain mymodernmet.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed Plaintiff's video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Lynk Media, LLC is a New York limited liability company and maintains its principal place of business in Queens County, New York.

6. Upon information and belief, Defendant My Modern Metropolis, LLC, is a California limited liability company with a principal place of business at 121 Evergreen Way, Lake Forest in Orange County, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.  Plaintiff's Copyright Ownership**

10. Plaintiff is a professional videography company by trade that is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the

United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. On February 16, 2022, Oliya Fedun ("Fedun") authored a video of a puppy in a trench on the frontline of the Ukrainian war ("Video"). A screenshot of the Video is attached hereto collectively as Exhibit 1.

15. Fedun later transferred the copyright assignment to Plaintiff by way of written agreement.

16. Plaintiff published the Video by making it available for commercial licensing.

17. In creating the Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

18. Plaintiff also traveled to Ukraine and exposed herself to the hazards of being present on a battlefield.

19. On May 4, 2022, the Video was registered by the USCO under Registration No. PA 2-356-221.

20. Plaintiff created Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

21. Defendant is the registered owner of the Website and is responsible for its content.

22. Defendant is the operator of the Website and is responsible for its content.

23. The Website is a key component of Defendant's popular and lucrative

commercial enterprise.

24. On or about March 2, 2022, Defendant displayed three still frame images from the Video on the Website as part of an on-line story at URL https://mymodernmet.com/rambo-puppy-ukraine-soldiers/ ("Infringement 1-5"). A copy of a screengrabs of the Website including the still frames from the Video is attached collectively hereto in Exhibit 2.

25. The still frame infringements were stored at URLs:

- https://mymodernmet.com/wp/wp-content/uploads/2022/03/rambo-puppy-ukranian-soldiers-8.jpeg

- https://mymodernmet.com/wp/wp-content/uploads/2022/03/rambo-puppy-ukranian-soldiers-5.jpeg

- https://mymodernmet.com/wp/wp-content/uploads/2022/03/rambo-puppy-ukranian-soldiers-7.jpeg

- https://mymodernmet.com/wp/wp-content/uploads/2022/03/rambo-puppy-ukranian-soldiers-6.jpeg

- https://mymodernmet.com/wp/wp-content/uploads/2022/03/rambo-puppy-ukranian-soldiers-9.jpeg

26. Upon information and belief, the still frame images from Plaintiff's Video were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

27. Plaintiff first observed and actually discovered the Infringements on March 4, 2022.

28. The Infringements each include a URL ("*Uniform Resource Locator*")

for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific Infringements. *17 U.S.C. §106(5).*

29. The Infringements are exact copies of Plaintiff's original images that were directly copied and displayed by Defendant on the Website.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

31. Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Sara Barnes who is referred to by Defendant on the Website as a "Staff Editor" (https://mymodernmet.com/author/sarabarnes/) (the "*Employees*").

32. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

33. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

34. Upon information and belief, the Video were willfully and volitionally posted to the Website by Defendant.

35. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

36. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

37. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

38. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

39. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

40. Upon information and belief, Defendant monitors the content on its Website.

41. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

42. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase its revenues.

43. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Website.

44. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

45. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

46. Defendant's use of the Video harmed the actual market for the Photograph.

47. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Photograph.

48. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

49. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

50. The Video is an original, creative works in which Plaintiff owns a valid copyright.

51. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

52. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

53. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

54. Defendant's reproduction of the Video and display of elements of the Video constitutes willful copyright Infringements.

55. On information and belief, Defendant willfully infringed upon Plaintiff's Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Website.

56. As a result of Defendant's violations of Title 17 of the U.S. Code,

Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

57.   As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

58.   As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

59.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* [and has violated the DMCA under 17 U.S.C. §1202(b)] and therefore award damages and monetary relief as follows:

    a.   finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b.   for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages

against each Defendant for each Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: August 10, 2023

**SANDERS LAW GROUP**

By:   */s/ Jacqueline Mandel*
Jacqueline Mandel, Esq. (Cal Bar 317119)
Craig Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125952

*Attorneys for Plaintiff*